JUDGE FURMAN

13 CV 5079

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

§
UNITED STATES SECURITIES                                   §
AND EXCHANGE COMMISSION,                                    §
§
§
                                    Plaintiff,              §        ___ Civ. ____
§
                                                            §     COMPLAINT
        vs.                                                 §
§
CHINA INTELLIGENT LIGHTING AND                             §
ELECTRONICS, INC., NIVS INTELLIMEDIA                        §
TECHNOLOGY GROUP, INC., TIANFU LI,                          §
and XUEMEI LI,                                              §
§
                                    Defendants.             §
§
§



Plaintiff, the United States Securities and Exchange Commission (the "Commission" or "SEC"), alleges:

## SUMMARY

1.       China Intelligent Lighting & Electronics, Inc. ("CIL") and NIVS IntelliMedia Technology Group, Inc. ("NIV") – led by their respective Chief Executive Officers, Xuemei Li and her brother, Tianfu Li – engaged in fraudulent schemes to raise and then divert offering proceeds. Operating from the same location in China, defendants fraudulently raised over $29 million from unsuspecting investors in the spring of 2010. CIL and Xuemei Li raised $7.6 million in a public offering in June 2010, and NIV and Tianfu Li raised $21.5 million in a public offering in April 2010. In raising the money, the defendants made false representations about how the offering proceeds were to be used.

1

2.      Contrary to their representations, CIL, NIV, Xuemei Li, and Tianfu Li diverted the proceeds almost immediately upon receipt, while continuing to claim that the amounts were being maintained in those corporate accounts.

3.      To mask the diversions, the defendants falsified bank and accounting records to reflect inflated cash balances, lied to their auditor about cash balances, and made false and misleading filings with the Commission.

4.      CIL and NIV also used the same auditor.  In furtherance of the fraudulent scheme, CIL, NIV, Xuemei Li, and Tianfu Li provided the auditor with false bank and accounting records that reflected inflated cash balances and false customer confirmations.  When the auditor discovered the falsified documents, it resigned from both audit engagements and withdrew its prior audit opinions.

5.      Specifically, CIL and Xuemei Li reported grossly overstated "cash and cash equivalents" in quarterly reports filed on Forms 10-Q for the quarters ended June 30 and September 30, 2010.  Xuemei Li signed and falsely certified the accuracy of these reports even though she knew or was reckless in not knowing that the cash balances reported exceeded the actual balances in those quarters by at least 168% and 210%, respectively.

6.      Similarly, NIV and Tianfu Li reported grossly overstated "cash and cash equivalents" in quarterly reports filed on Forms 10-Q for the quarters ended June 30 and September 30, 2010.  Tianfu Li signed and falsely certified the accuracy of these reports even though he knew or was reckless in not knowing that the cash balances reported exceeded actual cash balances in those quarters by at least 74% and 57%, respectively.

7.     In sum, CIL and NIV, at the direction or with the knowledge of Xuemei Li and Tianfu Li, respectively, falsified their books and records to justify false cash balances and receivables.

8.     By engaging in the conduct described herein, CIL, NIV, Xuemei Li, and Tianfu Li violated or aided and abetted violations of the antifraud, books and records, and internal controls provisions of the federal securities laws

9.     The Commission brings this action seeking permanent injunctive relief to prevent future violations of the federal securities laws, disgorgement of ill-gotten gains with prejudgment interest, civil penalties, officer and director bars, and any other appropriate relief.

## JURISDICTION

10.     This Court has jurisdiction over this action pursuant to Sections 20 and 22 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t and 77v] and Sections 21 and 27 of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u and 78aa].

11.     Venue is proper in this judicial district pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] because certain of the acts and omissions constituting violations alleged herein occurred in this judicial district.

12.     Defendants, directly or indirectly, made use of the mails and of the means and instrumentalities of interstate commerce in connection with the acts, practices, and courses of business described in this Complaint.

## DEFENDANTS

### CIL

13.     CIL is a Delaware corporation with its principal executive offices in Huizhou City, Guangdong Province, China.  CIL purports to be a lighting company located in China that

engages in research, development, assembling, marketing, a nd sales of intelligent lighting products. Its products include LED, residential, commercial, outdoor, and municipal engineering lighting products for the domestic and international market.

14.    CIL's common stock is registered with the Commission pursuant to Section 12(g) of the Exchange Act. Its securities traded on the NYSE-Amex for approximately nine months, until the exchange halted trading on March 24, 2011. NYSE-Amex delisted CIL on October 17, 2011.

**NIV**

15.    NIV is a Delaware corporation with its principal executive offices in Huizhou City, Guangdong Province, China. NIV purports to be a Chinese consumer electronic company that designs, manufactures, markets, and sells consumer electronic products. NIV's products consist primarily of audio and video equipment, including digital audio systems, televisions, digital video broadcasting set-top boxes, DVD players, and audio/video peripheral and accessory products.

16.    NIV's common stock is registered with the Commission pursuant to Section 12(g) of the Exchange Act. Its securities traded on the NYSE-Amex, until the exchange halted trading on March 24, 2011. NYSE-Amex delisted NIV on July 29, 2011.

**Xuemei Li**

17.    Xuemei Li is the CEO, President, and Chairman of CIL and a Chinese national residing in China. Xuemei Li controls CIL and owns approximately 28% of CIL's stock. During the relevant period, Xuemei Li directly supervised the finance staff and controlled the bank accounts of CIL.

**Tianfu Li**

18.     Tianfu Li is the CEO and Chairman of NIV.  He is a Chinese national residing in China.  Tianfu Li is Xuemei Li's brother.  Tianfu Li controls NIV and owns approximately 30% of NIV's stock. Tianfu Li founded NIV and its operating subsidiary in China and directly owns 2.5% of that subsidiary.  Tianfu Li also founded CIL and previously was an owner, officer, and director of CIL.  Tianfu Li directly supervised the finance staff and controlled the bank accounts of NIV.

## FACTUAL ALLEGATIONS

A.     **Defendants Fraudulently Raised Millions of Dollars in Registered Stock Sales and Diverted Offering Proceeds from Company Bank Accounts**

**CIL**

19.     CIL raised $7,689,708 (after fees and expenses) in a public offering pursuant to an amended Form S-1 registration statement that became effective on June 17, 2010 (the "CIL June Registration Statement").  In its registration statement signed by Xuemei Li, CIL disclosed that it intended "to use approximately one-fourth of the net proceeds from this offering for research and development focused on LED technologies and one-half for expansion of our manufacturing and production of LED components.  We intend to use the remaining portion of the net proceeds for working capital and general corporate purposes."

20.     Xuemei Li and CIL never intended to, and did not, use the money for the purposes stated in the CIL June Registration Statement.  Instead, the offering proceeds were deposited on June 24, 2010 into the Hong Kong bank account of CIL's wholly-owned subsidiary, China Intelligent Electronic Holding Company ("CIL-BVI").  The next day, Xuemei Li transferred $6,880,000, or almost 90% of the offering proceeds, to a company that has no

disclosed relation to CIL.  Xuemei Li transferred the remaining $780,000 of the offering proceeds to an unknown recipient on July 23, 2010.

21.     To carry out the transfers, Xuemei Li, who was the only authorized signatory for the bank account, signed the four bank forms authorizing the transfer of $6,880,000.

22.     Although Xuemei Li withdrew essentially all of the offering proceeds immediately upon receipt, CIL and Xuemei Li masked the transfers by providing inflated cash balances to the auditor that indicated that the funds remained in the Hong Kong bank account.

**NIV**

23.     NIV raised $21,587,538 (after fees and expenses) in a public offering pursuant to an amended Form S-1 registration statement that became effective on April 19, 2010 (the "NIV Registration Statement").  In its registration statement signed by Tianfu Li, NIV disclosed that it intended "to use the net proceeds of this offering for general corporate purposes."

24.     Tianfu Li and NIV never intended to, and did not, use the money for the purposes stated in the NIV Registration Statement.  Instead, Tianfu Li diverted the majority of the offering proceeds.  Prior to the diversion, on April 26, 2010, the offering proceeds were deposited into a Hong Kong bank account held in the name of NIV's wholly-owned subsidiary, Niveous Holding Company Limited ("Niveous").  Niveous's bank account statements show that Tianfu Li and NIV transferred $21,535,842 out of that account by May 5, 2010, which constituted almost all of the offering proceeds.  Tianfu Li was one of two authorized signatories for Niveous's Hong Kong bank account.  Of the $21,535,538 in offering proceeds deposited, $17,170,000 was then transferred to NIV subsidiary bank accounts in China.  In addition, $4,365,842, or over 20% of the offering proceeds, was paid to eight companies with no disclosed relation to NIV.

25.     To mask the transfers, NIV and Tianfu Li provided inflated cash balances to the auditor that appeared to reflect that the offering proceeds remained in the Hong Kong bank account.

26.     Based on the almost immediate transfer of the offering proceeds of CIL and NIV out of their respective Hong Kong bank accounts, the subsequent misrepresentations to the auditor regarding the cash balances and the location of those offering proceeds, the overstatement of cash balances in multiple filings with the Commission, and other misconduct described herein, CIL, NIV, Xuemei Li, and Tianfu Li knowingly or recklessly intended to use, and used, the offering proceeds in a manner inconsistent with the purported use of proceeds set forth in the CIL June Registration Statement and the NIV Registration Statement.

**B.     Defendants Fabricated Customer Confirmations**

27.     CIL, NIV, Xuemei Li,a nd Tianfu Li provided false and misleading information concerning accounts receivable and customers to the shared auditor.  For example, the names and addresses provided to the auditor for the purpose of sending accounts receivable confirmation letters to customers were incomplete and inaccurate.  In addition, the defendants arranged for a courier service to deliver the letters, but a majority of the tracking numbers provided by CIL and NIV did not exist in the courier's tracking records, and the courier's tracking records showed that the same courier picked up two confirmation letters from different addresses located in different cities on the same day at about the same time, which was a physical impossibility.

28.     Moreover, when the auditor tried to verify the accuracy of previously received confirmations, it found that at least two purported customers of CIL and two purported customers of NIV could not be located.  Finally, a number of the purported customers contacted

by the auditor in a second attempt to confirm accounts receivable said they did no business with CIL or NIV.

      **C.**     <u>CIL and NIV Reported Materially Inflated, False Cash Balances in SEC Filings</u>

      29.     CIL and NIV filed false and misleading financial statements with the SEC in 2010 signed by Xuemei Li and Tianfu Li, respectively, that materially overstated the companies' cash balances. To conceal the overstatements, the defendants fabricated, or caused to be fabricated, bank and accounting documents that they then provided to the auditor.

    <u>**CIL**</u>

      30.     In CIL's June 30, 2010 Form 10-Q, CIL and Xuemei Li reported that the company had "cash and cash equivalents" of $10,985,929. CIL and Xuemei Li provided information to the auditor that CIL-BVI held $6,885,689 in its Hong Kong bank account that was included in the total cash balance. In fact, that account held only $6,166 as of June 30, 2010, as reflected in bank statements obtained directly from the Hong Kong bank. Based on this false information for this single bank account, CIL and Xuemei Li overstated CIL's "cash and cash equivalents" contained in its June 30, 2010 Form 10-Q by at least 168%.

      31.     Similarly, in CIL's September 30, 2010 Form 10-Q, CIL and Xuemei Li reported that the company had "cash and cash equivalents" of $11,046,445. That amount included $7,492,662 that CIL and Xuemei Li claimed was held in the Hong Kong bank account of CIL's wholly owned subsidiary, CIL-BVI. CIL and Xuemei Li provided false information reflecting the inflated balance to its auditor. In fact, that account held only $2,685 as of September 30, 2010. Based on this false information for a single bank account, CIL and Xuemei Li overstated CIL's "cash and cash equivalents" in the company's September 30, 2010 Form 10-Q by at least 210%.

32.     As CEO, Xuemei Li signed both CIL's Forms 10-Q and the certifications required under the Sarbanes-Oxley Act of 2002 (the "Sarbanes-Oxley Act") that were filed with the Commission.  For each report, Xuemei Li certified that (i) the "report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report," and (ii) the "financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report."

33.     Xuemei Li signed CIL's June 30, 2010 and September 30, 2010 Forms 10-Q and the accompanying principal executive certifications while knowing, or recklessly not knowing, that the amounts reflected were materially false and misleading.

34.     CIL and Xuemei Li reiterated the material false statements concerning the cash balance in the CIL December Registration Statement signed by the CEO, when they similarly claimed to have $11,046,000 in "cash and cash equivalents" as of September 30, 2010.  In fact, as set forth above, CIL held less than $3,000 in that account at that time, thus rendering the CIL December Registration Statement materially false and misleading.

**NIV**

35.     In NIV's June 30, 2010 Form 10-Q, NIV and Tianfu Li reported that the company had "cash and cash equivalents" of $25,109,270.  NIV and Tianfu Li provided false information to the auditor that (i) Niveous held $1,994,485 in its Hong Kong bank account, when in fact, that account held $2,388 as of that date; and (ii) NIVS International (HK), a second wholly-owned

subsidiary of NIV, held $9,044,760 in another Hong Kong bank account, whe n in fact, that account only held $379,190 as of June 30, 2010.

36.    Based on this false information for these two bank accounts, NIV and Tianfu Li overstated NIV's "cash and cash equivalents" contained in its June 30, 2010 Form 10-Q by at least 74%.

37.    Similarly, in NIV's September 30, 2010 Form 10-Q, NIV and Tianfu Li reported that the company had "cash and cash equivalents" of $23,816,131.  NIV and Tianfu Li provided information to the auditor that (i) Niveous held $75,615 in its Hong Kong bank account, when in fact, that account held only $168 as of September 30, 2010; and (ii) NIVS International held $8,655,361 in its Hong Kong bank account, when in fact, that account only held $93,201 as of September 30, 2010.

38.    Based on this false information for these two bank accounts, NIV and Tianfu Li overstated NIV's "cash and cash equivalents" contained in its September 30, 2010 Form 10-Q by at least 57%.

39.    As CEO, Tianfu Li signed both NIV's Forms 10-Q and the certifications required under the Sarbanes-Oxley Act that were filed with the Commission.  For each report, Tianfu Li certified that (i) the "report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report," and (ii) the "financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report."

40.     Tianfu Li signed NIV's Forms 10-Q for both periods and the accompanying principal executive certifications, while knowing, or recklessly not knowing, that the amounts reflected were materially false and misleading.

41.     Xuemei Li and Tianfu Li were financially incentivized to materially misrepresent the financial condition of the companies for which they served as CEOs because, among other things, they respectively owned 28% of CIL's shares and 30% of NIV's shares.

**D.     CIL, NIV, Xuemei Li and Tianfu Li Sought to Support the False Bank Balances With Forged and Fabricated Documents**

**Mainland Chinese Bank**

42.     CIL and NIV, at the direction or with the knowledge of Xuemei Li and Tianfu Li, provided the auditor with forged bank statements containing fraudulent cash balances and transactions.

43.     The online bank balances for both CIL and NIV on various dates were significantly lower than the balances shown on the forged bank statements provided to the auditor, and certain purported transactions shown on the forged NIV bank statements were not reflected on the bank's online system.

44.     In particular, the bank statements provided to the auditor for CIL showed cash balances of RMB 23,558,653 on September 30, 2010; RMB 17,284,377 on October 30, 2010; and RMB 13,739,251 on December 31, 2010.  The actual cash balances reflected online were less than RMB 10 million for each of those dates.

45.     The bank statement provided to the auditor for NIV showed a cash balance of RMB 53,328,865 as of September 30, 2010.  However, the balance reflected in the banks' internal online system for that date was less than RMB 10 million.  In addition, NIV's bank statement included transactions that could not be verified online.  For example, the bank

statement showed deposits of RMB 3.5 million and RMB 10 million on October 28, 2010 and November 23, 2010, respectively.  Neither deposit was reflected in the bank's online account data.

46.     The auditor also received (i) a year-end bank balance confirmation directly from the bank that matched the forged amount for NIV, and (ii) bank statements that had two different "No. 11" chops (i.e. seals) denoting a specific bank branch officer, when authentic seals would have been identical.

**Hong Kong Bank**

47.     Similarly, CIL and NIV, at the direction or with the knowledge of Xuemei Li and Tianfu Li, respectively, also provided inflated cash balances for accounts held at a Hong Kong bank to their auditor and in their filings with the Commission.

48.     NIV's Hong Kong bank cash balances provided to the auditor for the two Hong Kong bank accounts showed total cash balances of $11,039,245 as of June 30, 2010, and $8,730,976 as of September 30, 2010.  However, bank statements obtained directly from the bank and screen shots of cash balances produced by NIV for the same dates reflect balances of only $381,578 and $93,369, respectively, for the two bank accounts.

49.     CIL, NIV, Xuemei Li,a nd Tianfu Li provided falsified documents reflecting inflated cash balances to the auditor to hide the transfers of funds.  The defendants reported the inflated cash balances in CIL and NIV's quarterly reports on Forms 10-Q that were filed with the Commission, and signed and certified by the respective CEOs for the quarters ended June 30, 2010 and September 30, 2010.  The actions of the defendants concealed the withdrawal of the offering proceeds not only from the companies' auditor, but also from the Commission, shareholders, and the public.

**E.     False Statements Were Provided To SEC in Response to a Duly Issued Subpoena**

50.     CIL, at Xuemei Li's direction, similarly provided fabricated documents concerning the cash balance to the Commission.  In response to a duly issued SEC administrative subpoena, CIL produced several purported "screen shots" of CIL Hong Kong account activity from online access to the bank account.  Those "screen shots" show balances of $6,886,143 and $7,490,305 as of June 30, 2010 and September 30, 2010, respectively.  These amounts are inconsistent with balances reflected in the bank statements obtained directly from the bank, which show balances of only $6,166 and $2,685, respectively, for the same dates.

**F.     CIL and NIV's Auditor Resigned**

51.     On March 24, 2011, the auditor for CIL and NIV resigned from both audit engagements and withdrew its prior audit opinions for CIL and NIV for the period ended December 31, 2009.  Significantly, the auditor stated that the interim financial statements of CIL and NIV for the quarters ended March 31, June 30 and September 30, 2010 contained in the companies' quarterly reports on Forms 10-Q should not be relied upon.  The auditor also reported its findings to the SEC's Office of the Chief Accountant pursuant to Section 10A of the Exchange Act.

**G.     CIL and NIV Have Not Filed Required Periodic Reports**

52.     CIL is delinquent in its periodic filings with the Commission, having not filed any periodic reports since it filed a Form 10-Q on November 8, 2010,f or the period ended September 30, 2010.

53.     Similarly, NIV is delinquent in its periodic filings with the Commission, having not filed any periodic reports since it filed a Form 10-Q on November 4, 2010, for the period ended September 30, 2010.

## FIRST CLAIM FOR RELIEF

### Violations of Securities Act Section 17(a)
### (All Defendants)

54.     Paragraphs 1 through 53 are alleged and incorporated by reference.

55.     By engaging in the conduct described above, Defendants CIL, NIV, Xuemei Li and Tianfu Li, in the offer or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, directly or indirectly, acting with the requisite state of mind, (i) employed devices, schemes, or artifices to defraud; (ii) obtained money or property by means of untrue statements of a material fact or omissions to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaged in transactions, practices, or a course of business that operated as a fraud or deceit upon purchasers.

56.     By engaging in the conduct described above, Defendants CIL, NIV, Xuemei Li and Tianfu Li violated Securities Act Section 17(a) [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF

### Violations of Exchange Act Section 10(b) and Rule 10b-5
### (All Defendants)

57.     Paragraphs 1 through 56 are incorporated by reference.

58.     By engaging in the conduct described above, Defendants CIL, NIV, Xuemei Li and Tianfu Li, directly or indirectly, in connection with the purchase or sale of securities, by the use of the means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange, knowingly or recklessly (i) employed devices, schemes, or artifices to defraud; (ii) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading; and (iii) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any persons, including purchasers and sellers of the securities.

59.     By engaging in the conduct described above, Defendants CIL, NIV, Xuemei Li and Tianfu Li violated Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## THIRD CLAIM FOR RELIEF

### Violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1, and 13a-13 (CIL and NIV)

60.     Paragraphs 1 through 59 are incorporated by reference.

61.     By engaging in the conduct described above, CIL and NIV, whose securities were registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l ], failed to file annual and quarterly reports (on Forms 10-K and 10-Q) with the Commission that were true and correct, and failed to include material information in its required statements and reports as was necessary to make the required statements and reports, in the light of the circumstances under which they were made, not misleading.

62.     By engaging in the conduct described above, CIL and NIV failed to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

63.     By engaging in the conduct described above, CIL and NIV failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that transactions were recorded as necessary (i) to permit the preparation of financial statements in conformity with generally accepted accounting principles and (ii) to maintain accountability of

assets.  As described above, CIL and NIV lacked adequate internal controls as evidenced by

(i) the inability to confirm accounts receivable and cash balances, (ii) fabricated bank statements

and inflated cash balances, and (iii) inflated "cash and cash equivalent" balances contained in

their quarterly reports filed with the Commission on Forms 10-Q.

64.    By engaging in the conduct described above, CIL and NIV violated Sections

13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a) and 78m(b)(2)(A)

& (B)] and Exchange Act Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1,

and 240.13a-13].

### FOURTH CLAIM FOR RELIEF

#### Violations of Exchange Act Rule 13a-14
#### (Xuemei Li and Tianfu Li)

65.    Paragraphs 1 through 64 are incorporated by reference.

66.    By engaging in the conduct described above, Defendants Xuemei Li and Tianfu

Li, as CIL and NIV's respective chief executive officer, falsely certified that CIL and NIV's

quarterly reports on Forms 10-Q filed with the Commission for the periods ended June 30, 2010

and September 30, 2010 contained no material misstatements or omissions.

67.    By engaging in the conduct described above, Defendants Xuemei Li and Tianfu Li

violated Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14].

### FIFTH CLAIM FOR RELIEF

#### Violations of Section 13(b)(5) of the Exchange Act and Rules 13b2-1 and 13b2-2
#### (Xuemei Li and Tianfu Li)

68.    Paragraphs 1 through 67 are incorporated by reference.

69.    By engaging in the conduct described above, Defendants Xuemei Li and Tianfu Li

knowingly circumvented or knowingly failed to implement a system of internal accounting controls,

16

and knowingly falsified books, records, or accounts subject to Section 13(b)(2) of the Exchange Act,

and therefore violated Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b )(5)].

70.    By engaging in the conduct described above, Defendants Xuemei Li and Tianfu Li,

directly or indirectly, falsified or caused to be falsified books, records, or accounts subject to Section

13(b)(2)(A) of the Exchange Act, and therefore violated Exchange Act Rule 13b2-1 [17 C.F.R. §

240.13b2-1].

71.    By engaging in the conduct described above, Defendants Xuemei Li and Tianfu Li

knowingly violated Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, directly or indirectly, in

connection with CIL and NIV's SEC filings respectively, making materially false and misleading

statements to CIL and NIV's auditor, and omitting to state material facts necessary to make

statements to their auditor not misleading.

## SIXTH CLAIM FOR RELIEF

### Aiding and Abetting CIL's Violations
### (Xuemei Li)

72.    Paragraphs 1 through 71 are incorporated by reference.

73.    By engaging in the conduct described above, CIL, whose securities were

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l ], (i) failed to file annual,

current, and quarterly reports (on Forms 10-K and 10-Q) with the Commission that were true and

correct, and failed to include material information in its required statements and reports as was

necessary to make the required statements and reports, in the light of the circumstances under

which they were made, not misleading, (ii) failed to make and keep books, records, and accounts,

which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the

assets of the issuer, and (iii) failed to devise and maintain a system of internal accounting

controls sufficient to provide reasonable assurances that transactions were recorded as necessary

(1) to permit the preparation of financial statements in conformity with generally accepted

accounting principles and (2) to maintain accountability of assets.

74.     By engaging in the conduct described above, CIL violated Sections 13(a),

13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and

78m(b)(2)(B) ], and Exchange Act Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20,

240.13a-1, and 240.13a-13].

75.     By engaging in the conduct described above, Defendant Xuemei Li knowingly

provided substantial assistance to and thereby aided and abetted CIL in its violations of Sections

13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A)

and 78m(b)(2)(B) ], and Exchange Act Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-

20, 240.13a-1, and 240.13a-13].

## SEVENTH CLAIM FOR RELIEF

### Aiding and Abetting NIV's Violations
### (Tianfu Li)

76.     Paragraphs 1 through 75 are incorporated by reference.

77.     By engaging in the conduct described above, NIV, whose securities were

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l ], (i) failed to file annual,

current, and quarterly reports (on Forms 10-K and 10-Q) with the Commission that were true and

correct, and failed to include material information in its required statements and reports as was

necessary to make the required statements and reports, in the light of the circumstances under

which they were made, not misleading, (ii) failed to make and keep books, records, and accounts,

which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the

assets of the issuer, and (iii) failed to devise and maintain a system of internal accounting

controls sufficient to provide reasonable assurances that transactions were recorded as necessary

(1) to permit the preparation of financial statements in conformity with generally accepted accounting principles and (2) to maintain accountability of assets.

78.     By engaging in the conduct described above, NIV violated Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B) ], and Exchange Act Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13].

79.     By engaging in the conduct described above, Defendant Tianfu Li knowingly provided substantial assistance to and thereby aided and abetted NIV in its violations of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B) ], and Exchange Act Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a final judgment:

(a)     Permanently enjoining Defendants CIL, NIV, Tianfu Li and Xuemei Li from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. §§ 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

(b)     Permanently enjoining Defendants Tianfu Li and Xuemei Li from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b )(5)] and Exchange Act Rules 13b2-1 and 13b2-2 [17 CFR §§ 240.13b2-1 and 240.13b2-2];

(c)     Permanently enjoining Defendants Tianfu Li and Xuemei Li from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 CFR § 240.13a-14];

(d)     Permanently enjoining Defendants CIL and NIV from violating, directly or indirectly, Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)] and Exchange Act Rules 12b-20, 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13];

(e)     Permanently enjoining Defendants Tianfu Li and Xuemei Li from aiding and abetting violations of Sections 13(a),13(b)(2 )(A), and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(a) , 78m(b)(2)(A) and 78m(b)(2)(B)] and Exchange Act Rules 13a-1 and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13];

(f)     Imposing civil monetary penalties against Defendants CIL, NIV, Tianfu Li and Xuemei Li pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

(g)     Pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], prohibiting Defendants Tianfu Li and Xuemei Li from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

(h)     Ordering Defendants CIL, NIV, Tianfu Li and Xuemei Li to disgorge all ill-gotten gains along with prejudgment interest; and

(i)     Granting such other and further relief as the Court deems just and appropriate.

Dated: July 22, 2013                    Respectfully submitted,

_Richard Simpson_
Richard Simpson (Bar #RS-5859)
Kenneth J. Guido
Attorneys for Plaintiff
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-4030
Tel:  (202) 551-4480 (Guido)


Of counsel:

Antonia Chion
Melissa R. Hodgman
Ansu N. Banerjee
L. Delane Olson
United States Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-4030