```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                                                :
UNITED STATES SECURITIES AND EXCHANGE                           :
COMMISSION,                                                     :
                                     Plaintiff,                 :      13 Civ. 5079 (JMF)
                                                                :
             -v-                                                :      MEMORANDUM OPINION
                                                                :           AND ORDER
CHINA INTELLIGENT LIGHTING AND                                  :
ELECTRONICS, INC. et al.,                                       :
                                                                :
                                     Defendants.                :
                                                                :
----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/30/2014

JESSE M. FURMAN, United States District Judge:

      Plaintiff, the United States Securities and Exchange Commission ("SEC"), brings this suit against China Intelligent Lighting and Electronics, Inc. ("CIL"); NIVS IntelliMedia Technology Group, Inc. ("NIV"); Xuemei Li, the CEO, President, and Chairman of CIL, and a 28% shareholder of CIL; and Tianfu Li, the CEO and Chairman of NIV, and a 30% shareholder of NIV, alleging fraud and other violations of the United States securities laws. On January 6, 2014, the SEC moved for an order, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, authorizing alternative means of service on Tianfu Li and Xuemei Li, both of whom are Chinese nationals residing in the People's Republic of China. (Docket No. 22).

      Upon due consideration of the SEC's memorandum in support of its motion, the Court concludes that alternative service pursuant to Rule 4(f)(3) would be appropriate. *See, e.g.*, *Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 511-12 & n.1 (S.D.N.Y. 2013) (discussing the standards for authorizing service pursuant to Rule 4(f)(3)). Although the SEC has exercised due diligence in pursuing service by means of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658

U.N.T.S. 163, there is reason to believe that service will not be effected in that manner.  (*See* Pl.'s Mem. (Docket No. 23) 2-3).  And, except for service pursuant to Rule 4(f)(3), there does not appear to be any other means of service under American, Chinese, or international law.

The SEC, however, has not shown that its proposed methods of alternative service are acceptable.  A method of alternate service is acceptable if it "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."  *Sec. & Exchange Comm'n v. Anticevic*, No. 05 Civ. 6991 (KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (citation omitted).  The proposed methods of service — publication in the *International New York Times* and e-mail — meet the first requirement.  *See, e.g.*, *Fed. Trade Comm'n v. Pecon Software, Inc.*, Nos. 12 Civ. 7186 (PAE) et al., 2013 WL 4016272, at *4-5 (S.D.N.Y. Aug. 7, 2013) (holding that e-mail is not prohibited by international agreement even where, as here, the host country has objected to the means of service listed in Article 10 of the Hague Convention).  *But see Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL 2051061, at *1-2 (N.D. Cal. May 13, 2008) (holding that e-mail is prohibited by international agreement where the host country has objected to the means of service listed in Article 10).

But the SEC has not shown, let alone through competent evidence, that the proposed methods of service comport with constitutional notions of due process — that is, that they are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Luessenhop v. Clinton Cnty., New York*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)) (internal quotation marks omitted).  As noted, it proposes service by publication in the *International New York Times*, but it does not present even basic

information about the *International New York Times* — such as its circulation (generally or within China), where in China it is distributed, and in what languages it is published. Without such information, or other facts that would support a conclusion that such publication would likely reach Tianfu Li and Xuemei Li, the Court cannot determine whether such service is appropriate.

As for the second proposed form of service — e-mail — the SEC has not shown "that the email is likely to reach the defendant[s]." *Pecon Software*, 2013 WL 4016272, at *5 (stating that "[s]ervice by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant"). The SEC purports to identify two e-mail addresses that are "associated with" Tianfu Li and Xuemei Li: one that was "used by CIL's auditor to communicate with Xuemei Li" and one that "was produced by NIV in response to a . . . subpoena as contact information for Tianfu Li." (Pl.'s Mem. 9). But, its unsworn assertions aside, the SEC presents no evidence that e-mails to these addresses today are likely to reach Defendants. The only "evidence" it presents with respect to the first e-mail address is an e-mail copied to that address on March 23, 2011. But there is nothing in the e-mail that links the e-mail address to Xuemei Li; and even if the address did belong to Xuemei Li in March 2011, the SEC presents no evidence to support a conclusion that he still uses it. As for the second e-mail address, the SEC has presented a spreadsheet appearing to list contact information for various executives of NIV, including a "Li Tianfu." (Pl.'s Mem., Ex. B at 2). But even assuming that the spreadsheet is what the SEC claims, it does not include a date or any other information from which the Court could infer that Tianfu Li continues to use the relevant e-mail address today.

Accordingly, the SEC's motion for authorization to serve Defendants Tianfu Li and

Xuemei Li pursuant to Rule 4(f)(3) is DENIED without prejudice to a new application, supported by affidavits or other appropriate evidence, showing that the proposed forms of service (or alternative forms of service) are "reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *Luessenhop*, 466 F.3d at 269 (internal quotation marks omitted).

The Clerk of Court is directed to terminate Docket No. 22.

SO ORDERED.

Dated: January 30, 2014
      New York, New York

_____
JESSE M. FURMAN
United States District Judge